## STATE v. JEFF BURKE.

### (Filed 5 November, 1924.)

1. **Intoxicating Liquor—Spirituous Liquor—Testimony of Purchaser—Instructions—Evidence.**

    Upon conflicting evidence in this case as to the transportation and unlawful sale of intoxicating liquor, wherein the purchaser of the liquor has testified against the defendant without evidence of any promise or agreement, or of facts from which the same may be inferred, an instruction *held* correct to that effect, and that the jury should take in consideration all the evidence in the case in reaching their verdict.

2. **Same—Orders—Sale of Vehicle Used in Unlawful Transportation—Appeal and Error.**

    In this case an exception to the order of court directing the sale of defendant's automobile used in the unlawful transportation of liquor, is not sustained, the order not appearing of record in the appealed case, and the verdict upon the evidence sustaining an order of this character.

APPEAL by defendant from *Sinclair, J.,* at June Term, 1924, of ALAMANCE.

Verdict of guilty upon indictment charging defendant with the sale, the transporting and the possession for sale, of intoxicating liquor. From judgment that defendant be confined in the jail of Alamance County for four months to be assigned to work on the roads, defendant appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*John J. Henderson for defendant.*

CONNOR, J.  Defendant excepted to portions of the judge's charge to the jury, and assigns same as error.

Defendant testified that on Saturday night before the Sunday morning on which he was arrested, he was running an automobile for hire at Burlington.  He took Will Boswell, who had an armful of packages, to his home.  The next morning Boswell 'phoned to him that he had left a package in the car the night before.  At Boswell's request he took the package which he found in the car to Boswell's home and delivered it to him.  It was lying on the floor of the car, wrapped in a newspaper and looked like a fruit jar.  He did not know what was in the package, and he did not ask Boswell about its contents.

Boswell testified for the State that the package was a fruit jar and that it contained a half-gallon of liquor; that he paid defendant five dollars for the liquor.  The fruit jar was wrapped in a newspaper when defendant delivered it to him.  The officers saw defendant deliver the package to him and later came to his house and he showed them the liquor.  They did not arrest him at the time, and did not tell him that they would not hurt him if he would testify that he got the liquor from defendant. The officers saw defendant in his car with the package and saw defendant deliver it to him and saw him take it into his house.  He later went before the justice of the peace, plead guilty and gave bond in the sum of $250.

We have examined the charge of the court and do not find that the exceptions of defendant are sustained.  The exception chiefly relied upon is to a portion of the charge as follows:

"There was something said in the argument about an attempt to let Boswell off.  The court charges you there is no evidence in this case of any agreement or promise made to Boswell.  It is the duty of the court to tell the jury that nobody has a right to show any clemency to Boswell, except the court himself.  Neither the solicitor nor the policeman have any power to make terms with any man convicted of crime.  This is a matter for the court.

"So, gentlemen of the jury, you will not consider any argument of this kind.  You will take the evidence in this case, all the evidence, as it came from the witnesses, upon the witness stand.  It is your duty under oath to give each and every part of the evidence of each and every witness such weight as you find it justly entitled to, after passing upon it, and considering the reasonableness or unreasonableness of the testimony."

A careful examination of all the evidence set out in the case on appeal fails to show any evidence of any promise or agreement, or of any facts from which the jury could infer such promise or agreement, by the officers or any one to or with Boswell to induce him to testify against

the defendant. Indeed, he is corroborated by other witnesses upon all the essential matters in his testimony, except as to the purchase from defendant of the liquor, and as to this he is corroborated by facts and circumstances clearly appearing from the evidence.

Defendant also excepts to the order of his Honor, directing that defendant's automobile be sold. The formal order is not set out in the record or in the case on appeal. We find nothing in the case on appeal to sustain this exception, and no errors for which defendant is entitled to a new trial.

No error.